IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FELIX ROBERT SUAREZ, § § *Plaintiff,* § § vs. § § U.S. BANK TRUST NATIONAL § ASSOCIATION, AS TRUSTEE OF CVI § LCF MORTGAGE LOAN TRUST I, § § *Defendant.* § § | | SA-18-CV-00849-OLG |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Defendant U.S. Bank Trust National Association, as Trustee of CVI LCF Mortgage Loan Trust I's, Motion to Dismiss [#5]. On December 13, 2018, the Honorable Orlando L. Garcia referred all pre-trial proceedings in this case to the undersigned for disposition pursuant to Federal Rule of Civil Procedure 72 and Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas [#10]. The undersigned has authority to issue this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendant's Motion to Dismiss be **GRANTED.**

### I. Factual and Procedural Background

This case involves the attempted foreclosure of real property located at 1252 Clower Street, San Antonio, Texas 78201 ("the Property"). (Original Pet.[1] [#1-1] at ¶ 5.) On August 6,

---

[1] A copy of Plaintiff's Original Petition is attached as part of Exhibit A to Defendant's Notice of Removal [#1].

2018, Plaintiff Felix Robert Suarez ("Plaintiff") filed a complaint against Defendant U.S. Bank Trust National Association, as Trustee of CVI LCF Mortgage Loan Trust I ("Defendant"), in the 225th Civil District Court of Bexar County, Texas. In his Original Petition, Plaintiff alleges claims of (1) quiet title, (2) fraud, (3) breach of contract, (4) violations of the Texas Debt Collection Practices Act ("the TDCPA"), Tex. Fin. Code Ann. § 392.001 *et seq.* (West 2017), and (5) wrongful foreclosure. For these alleged wrongs, Plaintiff seeks actual damages, consequential damages, statutory damages, punitive damages, attorneys' fees and costs, pre- and post-judgment interest, penalty interest, and a temporary restraining order ("TRO") enjoining Defendant from conducting a foreclosure sale of the Property. (Original Pet. [#1-1] at ¶¶ 50, 56–74.) On the same day the Original Petition was filed, Plaintiff secured a TRO in state court, which prohibited Defendant from foreclosing on the Property and has since expired. (Doc. 1, Ex. A at 24–25.)

On August 14, 2018, Defendant filed its Answer. (Doc. 1, Ex. A at 27–31.) Then, on August 16, 2018, Defendant timely filed its Notice of Removal [#1] in this Court. On August 30, 2018, Defendant filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure [#5]. A response was due by September 13, 2018. *See* W.D. Tex. Loc. R. CV-7(e)(2) (requiring parties to file responses to non-dispositive motions within seven days). However, to date, Plaintiff has not filed a response in opposition to the motion. Under Local Rule CV-7(e), "[i]f there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed." *Id.* Nevertheless, the undersigned has reviewed and considered the motion, the record, and the applicable law in reaching a decision in this matter.

## II. Legal Standard

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the pleadings. *See* Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 8(a)(2). To satisfy this pleading standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint does not need to contain "detailed factual allegations" to survive a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

"The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Additionally, the court "may take judicial notice of matters of public record." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).

A court considering a motion to dismiss must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). While a court must accept all of the claimant's well-pleaded facts as true, it is not bound to accept as true "conclusory allegations or

allegations that merely restate the legal elements of a claim." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). In short, a claim should be dismissed only if a court determines that it is beyond doubt that the claimant cannot prove a plausible set of facts that support the claim and would justify relief. *See Twombly*, 550 U.S. at 570.

### III. Analysis

In his Original Petition, Plaintiff alleges various federal and state causes of action related to the attempted foreclosure of the Property. Plaintiff has failed to plead sufficient facts to support any of the causes of action that he has asserted, which include the following: (1) quiet title; (2) fraud; (3) breach of contract; (4) violations of the TDCPA; and (5) wrongful foreclosure.

**A.     The Court should grant Defendant's motion to dismiss Plaintiff's claim to quiet title.**

Plaintiff's quiet title claim fails as a matter of law. "The principal issue in a suit to quiet title is as to the existence of a cloud that equity will remove." *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.). "The quiet-title suit exists 'to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Lance v. Robinson*, 543 S.W.3d 723, 739 (Tex. 2018) (quoting *Bell*, 606 S.W.2d at 952). In a suit to quiet title, "the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief." *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). To plead a quiet title claim against Defendant, Plaintiff must allege that (1) he has an interest in the Property; (2) title to the Property is affected by a claim by Defendant; and (3) the claim, though facially valid, is void or

unenforceable. *See Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012, pet. denied); *Hahn*, 321 S.W.3d at 531.

Under Texas law, "an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor," but "the obligor may defend 'on any ground which renders the assignment void.'" *Reinagel v. Deutsche Bank Nat'l Tr. Co.*, 735 F.3d 220, 225 (5th Cir. 2013) (quoting *Tri-Cities Const., Inc. v. Am. Nat'l Ins. Co.*, 523 S.W.2d 426, 430 (Tex. Civ. App.—Houston [1st Dist.] 1975, no writ)). Accordingly, as a non-party to the assignments of the note and deed of trust, Plaintiff has standing to challenge the assignments as void, but he lacks standing to assert that they are voidable.

Plaintiff pleads that he "believes" that Defendant "may not be the current holder of the Note and Deed of Trust." (Original Pet. [#1-1] at ¶ 15.) This allegation "is based on a belief that there is a skip in chain of title and a recission [sic] of one assignment of mortgage. Therefore, [Defendant's] claim through a Foreclosure Sale Deed and/or Assignment of Mortgage would be invalid." (*Id.*) However, it is not clear what Plaintiff means by a "skip in [the] chain of title," let alone why a skip in the chain of title would render the assignments of the mortgage void, as opposed to merely voidable. (*Id.*)

Furthermore, even if this were a ground to void the assignments, Plaintiff's conclusory, speculative statement that Defendant may not be the current holder of the note and deed of trust is not supported by specific, factual allegations. Plaintiff has expressed his "belief" that Defendant "may not be the current holder of the Note and Deed of Trust." (*Id.*) On a motion to dismiss for failure to state a claim, the Court does not credit such speculative and conclusory allegations. *See Chhim*, 836 F.3d at 469. "Rule 8 . . . does not unlock the doors of discovery for

5

a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678. Plaintiff's Original Petition does not contain sufficient factual matter to state a claim for quiet title that is "plausible on its face," *id*. (quoting *Twombly*, 550 U.S. at 570), or to "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555. *Cf. Munoz v. HSBC Bank USA, N.A.*, No. CIV.A. H-12-0894, 2013 WL 265982, at *12 (S.D. Tex. Jan. 22, 2013) (dismissing a challenge to the validity of an assignment of a deed of trust because the plaintiff's statement that the defendant may not have signed the transfer of lien was speculative and subjective). Accordingly, Plaintiff's claim for quiet title, which has no factual basis, should be dismissed.

**B.     The Court should grant Defendant's motion to dismiss Plaintiff's fraud claim.**

Plaintiff has failed to meet Rule 9(b)'s heightened pleading requirement and failed to plead an essential element of a fraud claim. Thus, Plaintiff's fraud claim should be dismissed.

    1.     <u>Plaintiff's pleadings do not meet the heightened pleading standard required under Rule 9(b).</u>

When a plaintiff pleads fraud or mistake, Federal Rule of Civil Procedure 9(b) requires the plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "What constitutes 'particularity' will necessarily differ with the facts of each case." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992). But, at a minimum, Rule 9(b) requires allegations of "the particulars of 'time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'" *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)). In other words, "a plaintiff pleading fraud or mistake must set forth 'the who, what, when, and where . . . before access to the discovery process is granted.'" *Hart v. Bayer Corp.*, 199 F.3d 239, 248 (5th Cir. 2000) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997)).

6

In Count II, Plaintiff generally alleges fraud based on Defendant's alleged "misrepresentations and omissions of material facts" concerning Plaintiff's ability to obtain a mortgage modification. (Original Pet. [#1-1] at ¶ 18.) Plaintiff also more specifically alleges that Defendant delayed the approval of any mortgage modification by requesting additional documents. (*Id.* at ¶ 19.) Plaintiff insists that these "misrepresentations and omissions" induced him to not take any action until he received notice that a substitute trustee's sale was scheduled for August 7, 2018.[2] (*Id.* at ¶ 20.) Plaintiff seeks punitive damages for Defendant's allegedly fraudulent conduct. (*Id.* at ¶ 24.)

This portion of Plaintiff's Original Petition does not comply with the requirements that the circumstances constituting fraud must be stated "with particularity" or that items of special damages "must be specifically stated." Fed. R. Civ. P. 9(b), (g). Here, Plaintiff merely alleges that Defendant made "misrepresentations and omissions of material fact." (Original Pet. [#1-1] at ¶ 18.) Plaintiff has not identified the content of the alleged misrepresentations or omissions, when and where they were made, or explained why they were material or what injury Plaintiff suffered as a result of Defendant's actions. Hence, these allegations of fraud fail to meet the heightened pleading standard set forth in Rule 9(b) and should be dismissed.

2. <u>Plaintiff has failed to adequately plead his fraud claim.</u>

Plaintiff has failed to plead an essential element of his fraud claim. To prevail on his fraud claim, Plaintiff must show:

> (1) the defendant "made a material representation that was false"; (2) the defendant "knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth;" (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and suffered injury as a result.

---

[2] A copy of the notice of foreclosure sale is attached as part of Exhibit A to Defendant's Notice of Removal [#1].

*JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018) (quoting *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)).

In addition to the allegations described above, Plaintiff also avers that "Defendant have [sic] presented documents showing they are the proper party to take such action against Plaintiff which facts are false and material to the essence of the Trustee Sale Defendant is attempting to take in August of 2018" and that "Defendant knew that its representations were false when they were made, or, in the alternative, Defendant made these representations without any regard for their truth." (Original Pet. [#1-1] at ¶¶ 21, 22.) In other words, Plaintiff alleges that Defendant presented documents indicating that it had the authority to foreclose on the Property when it knew or should have known that it did not, in fact, have such authority.

The scenario set forth in Plaintiff's Original Petition, even if true, would not result in liability being imposed on Defendant for its alleged misrepresentations. That is because Plaintiff has failed to adequately plead an element necessary to maintain his fraud claim: an injury. While Plaintiff pleads that he has "been injured as a direct and proximate result of the foregoing fraud in an amount in excess of the minimal jurisdictional limits of this Court," Plaintiff has not explained what injury he suffered as a result of Defendant's actions. (*Id.* at ¶ 24.) Plaintiff has not alleged that a foreclosure sale has occurred. Indeed, it is undisputed that, even though Defendant commenced foreclosure proceedings, Plaintiff never lost possession of the Property. Thus, Plaintiff has not plead facts sufficient to establish that he has "suffered injury as a result" of his reliance on Defendant's alleged misrepresentations. *Orca Assets G.P.*, 546 S.W.3d at 653. Accordingly, these allegations of fraud should also be dismissed.

8

## C. Plaintiff's breach-of-contract claim should be dismissed.

Plaintiff's breach-of-contract claim fails because he has failed to plead facts in support of essential elements of that claim. Under Texas law, the elements of a claim for breach of contract are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp.*, LLC, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App—Houston [1st Dist.] 2001, no pet.)). Plaintiff claims that Defendant breached the deed of trust by failing to provide him with an opportunity to cure his default and reinstate his loan.[3] (Original Pet. [#1-1] at ¶ 29–31.) Plaintiff requests a rescission of the notice of substitute trustee's sale and actual damages for loss of equity in the Property and mental distress resulting from the potential sale of the Property. (*Id.* at ¶ 32.)

Plaintiff's breach-of-contract claim fails for two reasons. First, Plaintiff has failed to adequately plead that Defendant has breached the contract. Plaintiff's allegation that Defendant's failure to provide Plaintiff with an option to cure or reinstate the deed of trust was a breach of the deed of trust is a legal conclusion, which, under *Iqbal* and *Twombly*, this Court is not bound to accept as true. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."). Plaintiff has failed to identify

---

[3] Pursuant to Federal Rule of Evidence 201, the Court will take judicial notice of the deed of trust executed by Plaintiff and Ameriquest Mortgage Company, Defendant's predecessor-in-interest, dated September 11, 2002. This deed is a matter of public record and is available at https://bexar.tx.publicsearch.us/results?department=RP&recordedDateRange=17521231%2C2019 0116&searchType=quickSearch&searchValue=1252%20Clower%20Street as document number 20020414535.

9

a provision of the deed of trust that imposes such a requirement on Defendant. Nor has Plaintiff identified any statute or case law that requires Defendant to modify Plaintiff's mortgage loan in the event of default. Thus, Plaintiff has failed to plead facts to support the second element of a claim for breach of contract: "breach of the contract by the defendant." *Smith Int'l*, 490 F.3d at 387 (quoting *Valero*, 51 S.W.3d at 351).

Second, because a foreclosure sale has not yet occurred, Defendant has failed to adequately plead damages. While this Court is unaware of any statute or case law that requires Defendant to modify Plaintiff's mortgage loan in the event of default, the Texas Property Code does impose certain restraints on the ability of a lender to foreclose on a residential property. For example, Section 51.002(d) provides, in pertinent part, that:

> Notwithstanding any agreement to the contrary, the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b).

Tex. Prop. Code Ann. § 51.002(d). Section 51.002(b), in turn, requires that notice of sale "be given at least 21 days before the date of the sale by . . . serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt." *Id.* § 51.002(b). Plaintiff avers that he never received either a notice of default or a notice of sale.

To the extent that Plaintiff's claim for breach of contract is premised on Defendant's alleged violations of the notice requirements of Texas Property Code §§ 51.002(b) and (d), the claim must fail because failure to comply with these sections does not provide a plaintiff with a cause of action prior to an actual foreclosure sale. *See Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15-CV-664-DAE, 2015 WL 7076674, at *3 (W.D. Tex. Nov. 12, 2015) (citing *Crucci v.*

*Seterus, Inc.*, No. EP-13-CV-317-KC, 2013 WL 6146040, at *3 (W.D. Tex. Nov. 21, 2013)). Rather, this Court has consistently held that "[b]ecause these provisions set notice requirements based on the date of sale, a plaintiff can only bring a cause of action under either provision if she alleges that a sale has occurred." *Landry v. Wells Fargo Home Mortg., Inc.*, No. EP-13-CV-144-KC, 2013 WL 5278497, at *3 (W.D. Tex. Sept. 18, 2013); *see also Anderson v. J.P. Morgan Chase*, No. CIV.A. H-13-1448, 2013 WL 6524630, at *2 (S.D. Tex. Dec. 11, 2013) ("[T]o maintain a claim under § 51.002 of the Texas Property Code based on insufficient or improper notice there must be a sale of the property."). Where, as here, a TRO is issued preventing a lender from conducting a foreclosure sale, a plaintiff fails to allege a Section 51.002 claim unless a subsequent foreclosure sale occurs. *See Suarez*, 2015 WL 7076674, at *3; *Landry*, 2013 WL 5278497, at *4.

Here, Plaintiff alleges that on July 6, 2018, he received notice that a substitute trustee's sale was scheduled for August 7, 2018. (Original Pet. [#1-1] at ¶ 9; Doc. 1, Ex. A at 22.) However, on August 6, 2018, Plaintiff secured a TRO enjoining Defendant from selling the Property. (Doc. 1, Ex. A at 24–25.) The August 7, 2018, sale date has passed without a sale and Plaintiff has not alleged that a future sale is currently scheduled. Thus, because Plaintiff is still in possession of the Property and a future sale is not currently scheduled, Plaintiff has not suffered any loss of property rights or any other damages and, therefore, Plaintiff has failed to plead facts that support another essential element of his claim: damages. Accordingly, Plaintiff's claim for breach of contract should be dismissed.

**D.      The Court should grant Defendant's motion to dismiss Plaintiff's TDCPA claim.**

Plaintiff has failed to meet his burden on his TDCPA claim as well. Claiming that Defendant has violated the notice requirements of Texas Property Code §§ 51.002(b) and (d),

Plaintiff alleges a claim for unfair debt collection under the TDCPA. The TDCPA provides remedies for wrongful debt collection practices arising out of a debtor-creditor relationship. *See Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 135 (Tex. App.—Corpus Christi 2001, no pet.). The TDCPA lists six types of prohibited debt collection methods. *See* Tex. Fin. Code Ann. §§ 392.30–392.306. To prevail on a TDCPA claim, a plaintiff must show that (1) the debt at issue is a consumer debt; (2) the defendant is a debt collector within the meaning of the TDCPA; (3) the defendant committed a wrongful act in violation of the TDCPA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of Defendant's wrongful act. *See Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 731, 743 (E.D. Tex. 2013).

This Court has held that a mortgagee may be considered a "debt collector" and that an "act of foreclosure is 'debt collection' for purposes of the TDCPA." *Sias v. Wells Fargo Bank, N.A.*, No. EP-12-CV-417-PRM, 2013 WL 8476169, at *6 (W.D. Tex. July 1, 2013). This Court has also held that a threat to terminate a contract without the legally required notice violates the TDCPA. *See id.* at *7; *see also Rey v. Acosta*, 860 S.W.2d 654, 659 (Tex. App.—El Paso 1993, no pet.) ("Wrongful acceleration of a real estate note . . . violates the Texas Debt Collection Practices Act . . . as a matter of law."). However, Plaintiff's factual allegations on this point are contradictory and simply do not rise to the level of plausibility required to fulfil federal pleading standards.

In Count IV, Plaintiff alleges that he never received either a notice of default or a notice of sale. (Original Pet. [#1-1] at ¶¶ 37–38.) However, earlier in his Original Petition, Plaintiff

alleges that he received a notice of substitute trustee's sale on July 6, 2018.[4] (*Id.* at ¶¶ 9, 20.) Thus, Plaintiff's own allegations refute his assertion that he never received a notice of sale. (The undersigned also notes that a copy of the notice of foreclosure sale is attached as part of Exhibit A to Defendant's Notice of Removal [#1].) At any rate, Plaintiff's TDCPA claim cannot stand because he was entitled only to constructive, not actual, notice of Defendant's intent to accelerate the note and conduct a substitute trustee's sale. *See Stanley v. CitiFinancial Mortg. Co.*, 121 S.W.3d 811, 817 (Tex. App.—Beaumont 2003, no pet.) ("The statute requires constructive notice; there is no requirement of actual notice."); *Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835 (Tex. App.—Fort Worth 1999, pet. denied) ("There is no requirement that the debtor receive actual notice."). Rather, "[s]ervice of a notice [of default or sale] by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." Tex. Prop. Code Ann. § 51.002(e). Thus, Plaintiff has not plead that Defendant committed a wrongful act in violation of the TDCPA and, therefore, Plaintiff's TDCPA claim should be dismissed.

D.  **Plaintiff's claim for wrongful foreclosure should be dismissed because a foreclosure did not occur, and Texas does not recognize a cause of action for an *attempted* wrongful foreclosure.**

The Court should dismiss Plaintiff's wrongful disclosure claim because the TRO that he obtained in state court prevented the August 7, 2018, foreclosure sale from occurring. "The

---

[4] Plaintiff makes contradictory allegations. The Original Petition contains the following allegation: "Plaintiff never received the notice requirements under Tex. Prop[.] Code 51.002(b) which requires Notice of a Foreclosure Sale be sent twenty-one (21) days before the date of the sale." (Original Pet. [#1-1] at ¶ 37.) However, the Original Petition also alleges that "[o]n or about July 6, 2018, Lender provided Notice of the Substitute Trustee's sale" and that Defendant's actions "induced Plaintiff to do nothing until Plaintiff received Notice of the Trustee's Sale." (*Id.* at ¶¶ 9, 20.) As the July 6, 2018, notice stated that a substitute trustee's sale was scheduled for August 7, 2018, Plaintiff's own allegations demonstrate that he received a notice of sale that complied with Texas Property Code § 51.002(b).

13

elements of wrongful foreclosure are (1) an irregularity at the sale; and (2) the irregularity contributed to an inadequate price." *Sotelo v. Interstate Fin. Corp.*, 224 S.W.3d 517, 523 (Tex. App.—El Paso 2007, no pet.) (citing *Forestier v. San Antonio Sav. Ass'n*, 564 S.W.2d 160, 165 (Tex. Civ. App.—El Paso 1978, writ ref'd n.r.e.)); *see also Am. Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 587 (Tex. 1975). In a wrongful foreclosure action, "the measure of damages is the difference between the value of the property in question at the date of foreclosure and the remaining balance due on the indebtedness." *Farrell v. Hunt*, 714 S.W.2d 298, 299 (Tex. 1986).

Under Texas law, "[a] claim for wrongful foreclosure requires that the property in question be sold at a foreclosure sale." *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 708 (N.D. Tex. 2011); *see also Allied Capital Corp. v. Cravens*, 67 S.W.3d 486, 492 (Tex. App.—Corpus Christi 2002, no pet.); *Charter Nat'l Bank—Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied). In other words, in Texas, there is no cause of action for an *attempted* wrongful foreclosure. *See Baker v. Countrywide Home Loans, Inc.*, No. CIV A 308-CV-0916-B, 2009 WL 1810336, at *4 (N.D. Tex. June 24, 2009) ("Because recovery is premised upon one's lack of possession of real property, individuals never losing possession of the property cannot recover on a theory of wrongful foreclosure."); *Port City State Bank v. Leyco Const. Co.*, 561 S.W.2d 546, 547 (Tex. Civ. App.—Beaumont 1977, no pet.) ("[P]laintiff has cited to us no authority supporting the existence of a cause of action for 'attempted wrongful foreclosure' and our research has not developed authorities showing the existence of any such cause of action.").

Here, Plaintiff cannot state a claim for wrongful foreclosure because no foreclosure sale has occurred. It is undisputed that, even though Defendant commenced foreclosure proceedings,

Plaintiff never lost possession of the Property. As Plaintiff never lost possession of the Property, he seeks damages for an attempted wrongful foreclosure—an action not recognized in Texas. Because Plaintiff has failed to adequately plead damages—an essential element of wrongful foreclosure—the Court should dismiss Plaintiff's wrongful foreclosure claim.

**E.     As all of Plaintiff's substantive claims should be dismissed, so too should his claim for injunctive relief.**

"Injunctive relief is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985). To obtain injunctive relief, an applicant must plead and prove four specific elements: "(1) irreparable injury; (2) substantial likelihood of success on the merits, (3) a favorable balance of hardships, and (4) no adverse effect on the public interest." *Black Fire Fighters Ass'n of Dallas v. City of Dallas, Tex.*, 905 F.2d 63, 65 (5th Cir. 1990). Injunctive relief is an equitable remedy, not a cause of action, and is unavailable when no substantive legal claim is properly pled. *See Crook v. Galaviz*, No. EP-14-CV-193-KC, 2015 WL 502305, at *13 (W.D. Tex. Feb. 5, 2015), *aff'd*, 616 F. App'x 747 (5th Cir. 2015) ("Generally, a request for injunctive relief is not considered an independent 'cause of action,' but rather a remedy sought to redress the wrongs alleged in the underlying substantive claims.") (quoting *La. Crisis Assistance Ctr. v. Marzano-Lesnevich*, 878 F. Supp. 2d 662, 669 (E.D. La. 2012)); *see also Torres-Aponte v. JP Morgan Chase Bank, N.A.*, 639 F. App'x 272, 274 (5th Cir. 2016) ("Injunctive relief is a remedy and not an independent cause of action under Texas law."). For the reasons mentioned above, all of Plaintiff's substantive claims are without merit and should be dismissed. And, because Plaintiff has failed to adequately plead any of his substantive legal claims, his claim for injunctive relief fails as well.

15

## IV. Conclusion and Recommendation

Having considered the motion, the record, the applicable law, and the lack of response from Plaintiff, the undersigned recommends that Defendant U.S. Bank Trust National Association, as Trustee of CVI LCF Mortgage Loan Trust I's, Motion to Dismiss [#5] be **GRANTED.**

## V. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed within fourteen (14) days after being served with a copy of same, unless this time period is modified by the district court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a de novo determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the

unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 4th day of March, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE